Charles Jacob Stratmann
Pro Se, Individually
545 NE 17th Avenue
Fort Lauderdale, Florida 33301
Telephone: (954) 873-9546
Email: jake@starboardyacht.com



FILED BY_____D.C.

JUN 10 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CHARLES JACOB STRATMANN,
    Plaintiff,
v.                   Case No. 0:26-cv-61150-PAB
STEVEN IVANKOVICH, et al.,
    Defendants.
_____/

## PLAINTIFF'S MOTION TO RECONSIDER ORDER DENYING MOTION FOR

## LEAVE TO PROCEED IN FORMA PAUPERIS AND

## SUPPLEMENTAL DECLARATION OF FINANCIAL HARDSHIP

### I. INTRODUCTION AND RELIEF REQUESTED

Plaintiff Charles Jacob Stratmann, appearing pro se, respectfully moves this Court to reconsider its May 19, 2026 Order (DE 7) denying leave to proceed in forma pauperis, and to grant Plaintiff leave to proceed without prepayment of the filing fee. In the alternative, Plaintiff requests a 30-day extension of the May 29, 2026 fee deadline or permission to pay in installments.

### II. THE COURT'S ANALYTICAL ERROR

The Court denied IFP on the ground that listing $57,000 in monthly expenses is inconsistent with an inability to pay the filing fee. This inference rests on a factual error: the $57,000 in monthly expenses are not being paid. They are defaulted obligations —

debts that have accrued and remain unpaid due to the enterprise disruption that is the subject of this lawsuit.

Direct proof: Plaintiff's residential natural gas account (TECO Energy, Account #XXXX-4449, 545 NE 17th Ave., Fort Lauderdale, FL 33301) shows a balance of $1,178.66 past due, with a disconnection notice pending by May 29, 2026 — the same date the Court set for payment of the filing fee. Plaintiff cannot pay both. He cannot pay either. (Supplemental Ex. A.)

## III. CONTROLLING LAW

The Supreme Court held in Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948), that a person seeking IFP status is not required to leave himself in a condition of absolute destitution. In this Circuit, the standard requires that payment of the fee would constitute an undue hardship and prevent the plaintiff from providing necessities for himself and his dependents. Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004). Natural gas is a necessity. Plaintiff cannot provide it. Courts must consider the totality of financial condition, not a single line item. Wilson v. Sargent, 313 F.3d 1315, 1321 (11th Cir. 2002).

## IV. SUPPLEMENTAL FACTS

1.   Starboard Yacht Group LLC has generated approximately $0 in business revenue during January through May 2026 as a direct result of the conduct alleged: enterprise-orchestrated Seakeeper dealership termination, lockout from the marine facility at 850 NE 3rd Street, Dania Beach, and theft of $625,345.71+ in assets.

2.   The $57,000 in monthly expenses reflects obligations in default — mortgage, business lease, insurance, and utilities — not funded payments. Monthly expenses representing debt obligations do not demonstrate ability to pay. Lee v. McDonald's Corp., 231 F.3d 456 (8th Cir. 2000).

3.   Plaintiff had an active qualified buyer for a Seakeeper SK26 marine gyroscopic stabilizer (Serial #212-0428, value $265,000) as of February 9, 2026. The defendant Rick Pineiro / Ares Marine has refused to return this unit. Had Defendants returned Plaintiff's stolen property, Plaintiff could have funded the filing fee from legitimate sale proceeds. The enterprise stole Plaintiff's ability to pay the Court's fee.

4.  The principal Defendant, Steven Ivankovich, has been documented by his own former spouse (in a letter to Bloomberg Law, May 9, 2026) to have retained 26 law firms to 'claim poverty' across 11 court forums while maintaining residences in Dubai, Monaco, Florida Keys, New York, Colorado, and Chicago, and purchasing a $16 million superyacht. It is Plaintiff — not Defendant — who faces genuine financial hardship.

## V. REQUEST FOR RELIEF

Plaintiff respectfully requests that the Court: (a) reconsider DE 7 and grant leave to proceed in forma pauperis; (b) in the alternative, grant a 30-day extension of the May 29, 2026 filing fee deadline; or (c) in the further alternative, permit Plaintiff to pay the filing fee in installments.

## SUPPLEMENTAL DECLARATION PURSUANT TO 28 U.S.C. § 1746

I, Charles Jacob Stratmann, declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

1.  I am the Plaintiff in the above-captioned action. I submit this declaration in support of my Motion to Reconsider.

2.  The $57,000 in monthly expenses reflected on my original IFP application represents obligations I am currently in default on — not actual payments being made.

3.  My TECO Energy residential natural gas account (Account #XXXX-4449, 545 NE 17th Avenue, Fort Lauderdale, FL) carries a balance of $1,178.66 past due as of May

8, 2026, with a disconnection notice pending by May 29, 2026. A true and correct copy is attached as Exhibit A.

4. My business, Starboard Yacht Group LLC, has generated no operating revenue since approximately January 2026 due to the events alleged in this complaint.

5. As of February 9, 2026, I had an active qualified buyer for a stolen marine asset (Seakeeper SK26, Serial #212-0428, value $265,000). Defendant Pineiro has refused to return this asset, preventing the sale.

6. I have no liquid assets sufficient to pay the $405 filing fee without forgoing payment of utilities and family necessities.

Executed on ___10 day June___, 2026, at Fort Lauderdale, Florida.


Respectfully submitted,

/s/ Charles Jacob Stratmann
CHARLES JACOB STRATMANN
Pro Se, Individually
545 NE 17th Avenue
Fort Lauderdale, Florida 33301
Telephone: (954) 873-9546
Email: jake@starboardyacht.com

Dated: ___10th June___, 2026

## CERTIFICATE OF SERVICE

I certify that on _10 th day Jun_, 2026, the foregoing Motion was filed with the Clerk of the United States District Court for the Southern District of Florida via the Court's CM/ECF system, which will serve electronic notice on all counsel of record.