CHARLES JACOB STRATMANN
Plaintiff, Pro Se
545 NE 17th Avenue
Fort Lauderdale, Florida 33301
Telephone: (954) 873-8546
Email: jake@starboardyacht.com

FILED BY _____ D.C.

**JUL 0 1 2026**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

**CHARLES JACOB STRATMANN,**

    Plaintiff,

v.

**STEVEN IVANKOVICH, OLGA IVANKOVICH,
TOM ACKEL, DAVID HUNTER, SEAN BRIGHTON,
NEIL BURELL, RICK PINEIRO, ED BIGGIE,
MICHAEL MOORE, CAYCIE FLITMAN,
OLAFUR HAND, CONTESSA MARINE RESEARCH LLC,
BLUEWATER REEL ESTATE LLC, IN-VISIONS LLC,
NATIONAL LIQUIDATORS LLC, SHM LMC, LLC,
BLACKSTONE GROUP INC., MOORE & COMPANY, P.A.,
HIGHLAND HILL CAPITAL LLC, SINCLAIR FUNDING
GROUP LLC, NEXUS CAPITAL FUNDING LLC,
AKERMAN LLP, AMANDA KLOPP,
and JENNA M. YOSS,**

    Defendants.

CASE NO.: **0:26-cv-61150-PAB**

_____ /

## PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO EFFECTUATE SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(m)

Plaintiff Charles Jacob Stratmann ("Plaintiff"), proceeding pro se, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 4(m) for a 90-day extension of time to effectuate service of process upon all named Defendants, and states as follows:

1. Plaintiff filed his Verified Complaint on April 17, 2026. By Order dated June 26, 2026, this Court set a service deadline of July 16, 2026.

2. Good cause exists for an extension. From April 17, 2026 through approximately June 26, 2026—a period of approximately 70 days, or 78% of the original 90-day service window—this case was in in forma pauperis ("IFP") denial, fee-dispute, and fee-payment status. During that entire period, the Clerk of Court could not issue summonses, and service was structurally impossible regardless of Plaintiff's effort or diligence.

3. Additionally, serving twenty-four (24) named defendants across three states—Florida, Illinois, and New York—within 17 days of the Court's June 26 Order is logistically impossible for a pro se plaintiff, even with maximum effort and resources.

4. Plaintiff respectfully requests a 90-day extension from June 26, 2026, establishing a new service deadline of September 24, 2026, or such other date as the Court deems appropriate.

5. Federal Rule of Civil Procedure 4(m) provides: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

6. Good cause exists where delay results from "circumstances outside the plaintiff's control." Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007). Courts consistently find good cause when IFP proceedings prevented issuance of summonses. Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010) (pro se IFP plaintiffs entitled to leniency in service requirements); Fowler v. Jones, 899 F.2d 1088, 1094-95 (11th Cir. 1990) (good cause found where service delay caused by circumstances beyond plaintiff's control).

7. Even absent good cause, the Court has discretion to extend the service period where no defendant is prejudiced and dismissal would be disproportionate. Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132 (11th Cir. 2005).

8. Plaintiff filed his Verified Complaint on April 17, 2026, simultaneously filing an Application to Proceed In Forma Pauperis pursuant to 28 U.S.C. Section 1915 (DE 2).

9. The Court denied the IFP application on May 19, 2026, with a fee payment deadline of May 29, 2026. Plaintiff filed a Motion for Reconsideration and related motions. The fee dispute continued through late June 2026.

10. By Order entered June 26, 2026, the Court acknowledged payment of the filing fee and set July 16, 2026 as the operative service deadline.

11. During the period from April 17, 2026 through June 26, 2026—approximately 70 days, representing 78% of the original 90-day service window—the Clerk of Court could not issue summonses because the filing fee had not been resolved. No summons has been issued in this action to date.

12. This action names twenty-four (24) individual and entity defendants located across three states, as follows:

Florida (20 defendants): Tom Ackel (Broward County); David Hunter (FL); Neil Burell (FL); Sean Brighton (Broward County); Rick Pineiro (FL); Ed Biggie (FL); Michael Moore (Coral Gables, FL); Caycie Flitman (Coral Gables, FL); Contessa Marine Research LLC (Miami, FL); BlueWater Reel Estate LLC (Broward County, FL); In-Visions LLC (Orlando, FL); National Liquidators LLC (Miami, FL); SHM LMC LLC (FL); Moore & Company P.A. (Coral Gables, FL); Highland Hill Capital LLC (FL); Sinclair Funding Group LLC (FL); Nexus Capital Funding LLC (FL); Akerman LLP (Fort Lauderdale, FL); Amanda Klopp (Broward County, FL); Jenna M. Yoss (FL).

Illinois (2 defendants):

Steven Ivankovich (Chicago, IL; currently subject to Domestic Relations proceedings in the Circuit Court of Cook County, Case No. 2021-D-9220). Olga Ivankovich (Chicago, IL; co-executor of the Estate of Anthony Ivankovich, served c/o counsel in Coral Gables, FL).

New York/Delaware (2 defendants): Olafur Hand (New York, NY); Blackstone Group Inc. (New York, NY / Delaware registered entity).

13. Serving all 24 defendants within 17 days (June 26 to July 16) requires, at minimum: (a) the Clerk to issue 24 separate AO 440 summonses; (b) research and confirmation of registered agent addresses for all entity defendants via Florida SunBiz, Delaware ICIS, and New York Secretary of State records; (c) preparation of individual service packages for each defendant; (d) coordination with process servers in three separate states; (e) potential complications with Ivankovich service given active multi-jurisdictional proceedings; and (f) filing of proofs of service (AO 441) for each defendant served. This cannot be accomplished in 17 days by any pro se plaintiff, regardless of diligence.

14. No named defendant has appeared in this action, filed any responsive pleading, or otherwise demonstrated awareness of or reliance on this litigation. No defendant will suffer any cognizable prejudice from a 90-day extension of the service deadline.

15. The Verified Complaint asserts RICO and related claims arising from a documented multi-year enterprise fraud scheme involving fraudulent conveyance of marine assets, extortion, abuse of legal process, and coordinated financial destruction of Plaintiff's business. The claims are supported by detailed documentary evidence. Dismissal for a logistical service delay attributable to the Court's IFP/fee process would foreclose these substantial claims.

16. The structural barrier imposed by IFP/fee-dispute status from April 17 through June 26, 2026—70 days of a 90-day window—constitutes good cause under Rule 4(m). During this period, Plaintiff was legally and practically prevented from obtaining summonses regardless of

effort. This is precisely the type of circumstance outside Plaintiff's control that Lepone-Dempsey identifies as good cause. 476 F.3d at 1281.

17. Plaintiff files this Motion promptly, before the July 16 deadline, demonstrating the good faith required to support an extension.

18. Twenty-four defendants across three states cannot be served in 17 days by a pro se plaintiff. This provides an independent basis for extension even if the IFP-delay argument were rejected. Horenkamp, 402 F.3d at 1132.

19. The Ivankovich family is currently involved in high-stakes domestic relations and estate-interest disputes in the Circuit Court of Cook County, Illinois (In re Marriage of Ivankovich, Case No. 2021-D-9220) and related Chapter 11 bankruptcy proceedings in the Southern District of Florida (Case No. 24-15755-LMI). This multi-jurisdictional conflict creates particular service complexity: Plaintiff must determine whether service must be made on Ivankovich personally, on the estate co-executors, or both; must identify current residential/service addresses; and must retain a licensed process server. This process alone warrants additional weeks.

20. Plaintiff intends to immediately transmit FRCP 4(d) waiver requests to all entity defendants (Contessa Marine Research LLC, BlueWater Reel Estate LLC, National Liquidators LLC, SHM LMC LLC, Blackstone Group Inc., Moore & Company P.A., Nexus Capital Funding LLC, Sinclair Funding Group LLC, Akerman LLP) upon issuance of summonses. If those waivers are accepted within the 30-day response period, the number of defendants requiring personal service will be substantially reduced. The 90-day extension allows adequate time for the waiver period plus personal service on non-responding defendants.

21. Dismissing 24 defendants based on a service delay that was structurally created by the Court's IFP/fee-resolution process—after the filing fee has been paid, claims have been verified, and evidence has been preserved—would be disproportionate to any fault of Plaintiff and contrary to the mandate to construe the Rules to secure "the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1.

22. For the foregoing reasons, Plaintiff respectfully requests that this Court grant a 90-day extension of time to effectuate service of process upon all named Defendants through September 24, 2026.

23. Upon grant of this Motion, Plaintiff will immediately: (i) request issuance of AO 440 summonses from the Clerk for all 24 named Defendants; (ii) transmit FRCP 4(d) waiver packages to all entity defendants; and (iii) engage process servers in Florida, Illinois, and New York to complete personal service on all individual defendants and any entity defendants declining waiver.

Respectfully submitted,

Charles Jacob Stratmann, Plaintiff Pro Se
545 NE 17th Avenue
Fort Lauderdale, Florida 33301
Telephone: (954) 873-8546
Email: jake@starboardyacht.com

Dated: July 2, 2026

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 2, 2026, a true and correct copy of the foregoing was filed with the Clerk of the Court via the CM/ECF system. Because no Defendant has yet been served or appeared in this action, service is not required at this stage. However, a copy of this filing will be transmitted to counsel of record for Defendants immediately upon their appearance in this action.

Charles Jacob Stratmann